UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY HILL,<br><br>            Plaintiff,<br><br>     v.<br><br>U.S. BANCORP,<br><br>            Defendant. | No.  2:15-cv-540-MCE-EFB<br><br><br>ORDER TO SHOW CAUSE |

On November 6, 2015, defendant filed a motion to compel plaintiff to provide responses to discovery requests and appear for her deposition. ECF No. 18. After being continued twice, the hearing on the motion is currently set for February 10, 2016. ECF No. 34.

Plaintiff failed to provide any response to defendant's discovery requests, and accordingly Local Rule 251(e) applies. *See* E.D. Cal. L.R. 251(e) (providing that the requirement that the parties file a Joint Statement re Discovery Disagreement does not apply "when there has been a complete and total failure to respond to a discovery request or order."). Under Local Rule 251(e), a responding party must file a response to the discovery motion at issue no later than seven days before the hearing date or, in this instance, by February 3, 2016. The deadline has passed and plaintiff has failed to file any response to defendant's motion.

/////

/////

1

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, it is hereby ORDERED that:

1. The hearing on defendant's motion to compel (ECF No. 18) is continued to February 24, 2016 at 10:00 a.m. in Courtroom 8.

2. Plaintiff shall show cause, in writing, no later than February 17, 2016, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to defendant's motion.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than February 17, 2016.

4. Failure to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in the granting of defendant's motion and/or a recommendation that this action be dismissed for failure to prosecute.

5. Defendant may file a reply to plaintiff's opposition, if any, on or before February 22, 2016.

DATED: February 4, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2